## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| MERRIGO LIFE LLC, | |
| Plaintiff, | Case No. 1:25-cv-03803 |
| v. | |
| Hearthfire Hygge, | Hon. Judge Sara L. Ellis |
| Defendant. | JURY TRIAL DEMANDED |

### COMPLAINT

Plaintiff Merrigo Life LLC ("Plaintiff") hereby brings the present action against Defendant Hearthfire Hygge ("Defendant") as follows:

### I.     JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant structures its business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases identified Hearthfire Hygge (the "Seller Aliases"). Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell products using infringing and counterfeit versions of Plaintiff's federally registered trademarks and copyrighted works (collectively, the "Unauthorized Products") to residents of Illinois. Defendant is

1

committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

## II.    THE PARTIES

3.      Plaintiff, Merrigo Life, LLC, is a Texas limited liability company with its principal place of business at 1671 S Broadway St. OFC 4, Caroollton, Texas, and is the owner of the trademark and copyright asserted in this action.

4.      Plaintiff designs, markets, and sells a full line of nature-inspired home décor such as blankets and pillows, exclusively direct-to-consumer through its website (www.greenphilosophy.co) and its Amazon website.

5.      Plaintiff's co-founder, Lillian Lau's inspiration for Merrigo Life arose from a lifelong love for plants. As a student at UC Davis, she cultivated this passion by working in a plant lab and frequently visiting campus greenhouses.

6.      Despite her love for plants, Ms. Lau faced consistent challenges in maintaining thriving plants due to her busy lifestyle and frequent moves. These experiences of neglect and difficulty transporting plants fueled her desire for an alternative that could replicate the joy of plant ownership without the associated upkeep.

7.      Seeking to translate her love of plants into an enduring and effortless solution, Ms. Lau developed her first concept, branded under the distinctive name "SUCCULENT." The term was deliberately chosen for its evocative, memorable, and unique qualities, establishing a strong foundation for an innovative brand identity.

8.      Plaintiff's inaugural product was a pillow inspired by the aesthetic essence of natural greenery, intentionally marketed and identified under the "SUCCULENT" brand. This initial product design incorporated the spirit of nature while emphasizing permanence and

simplicity.

9.      After extensive prototyping, Ms. Lau finalized the design of the first "Succulent pillow," achieving a product that aligned with her vision. The strong reception from friends and early customers validated both the product's appeal and the strength of the "Succulent" brand.

10.     Motivated by the success of the "Succulent" pillows, the plaintiff founded Merrigo Life's predecessor, Green Philosophy Co., in 2018.  The company's mission became to create timeless, nature-inspired home décor under the unifying "Succulent" brand, offering a fresh and hassle-free way to bring the essence of plants into any living space.

11.     Building on the initial success of the "Succulent" pillow, the plaintiff expanded the product line to include a full collection of nature-inspired pillows. Each design maintained the distinctiveness and thematic connection to the "Succulent" brand, reinforcing its identity as a symbol of timeless beauty and creativity. The expanded offerings further solidified Plaintiff's reputation as a leader in innovative plant-inspired decor.

12.     Every product in Plaintiff's collection continues to reflect the foundational principles of the "Succulent" brand: an enduring connection to nature, paired with effortless elegance and functionality. The trademark has grown to symbolize not just a product, but an entire lifestyle centered on harmony, beauty, and simplicity.

13.     Plaintiff's products have garnered widespread acclaim, amassing over 3,500 five-star reviews from satisfied customers. The unique designs and quality craftsmanship have been featured in reputable publications, further boosting their popularity.

14.     Aligning with the company's nature-inspired ethos, Plaintiff partners with Trees for the Future, planting a tree for every purchase made. This initiative reflects Plaintiff's dedication to environmental sustainability and giving back to the planet.

15.     Plaintiff's SUCCULENT-branded products have received widespread media recognition and editorial coverage in nationally recognized publications, including *PopSugar*, *Marie Claire*, *BuzzFeed*, *Apartment Therapy*, and *Bella Magazine*, among others.

16.     These third-party features highlight Plaintiff's SUCCULENT-branded pillows as distinctive, design-forward home décor products and reinforce consumer association between the SUCCULENT Trademark and Plaintiff as the exclusive source of such goods.

17.     The unsolicited nature of this editorial coverage further demonstrates the commercial strength, marketplace recognition, and secondary meaning of the SUCCULENT Trademark within the home décor industry.

18.     The Succulent Trademark is registered with the United States Patent and Trademark Office and is included below.

| Registration Number | Trademark | Registration Date | Goods and Services |
|---|---|---|---|
| 6,965,921 (Exhibit 1) | **SUCCULENT** | **January 24, 2024** | **Plush Decorative Accent Throw Pillows** |
| 7,969,031 (Exhibit 2) | **SUCCULENT** | **September 30, 2025** | **Decorative Pillows** |

19.     The above U.S. registrations for the Succulent Trademark is valid, subsisting, and in full force and effect. The registration for the Succulent Trademark constitutes *prima facie* evidence of its validity and of Plaintiff's exclusive right to use the Succulent Trademark pursuant to 15 U.S.C. § 1057(b).

20.     The Succulent Trademark is exclusive to Plaintiff and is displayed extensively on Plaintiff's Products and in marketing and promotional materials. The Succulent Trademark is also distinctive when applied to Plaintiff's Products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality standards. Whether Plaintiff

manufactures the products themselves or contracts with others to do so, Plaintiff has ensured that products bearing the Succulent Trademark are manufactured to the highest quality standards.

21.     The Succulent Trademark has been continuously used and never abandoned. The success of Plaintiff, in addition to the marketing of Plaintiff's Products, has enabled Plaintiff's Brand to achieve widespread recognition and has made the Succulent Trademark one of the most well-known marks in the home decor industry. The outstanding reputation and significant goodwill associated with the Plaintiff's Brand have made the Succulent Trademark a valuable asset of Plaintiff.

22.     Products bearing the Succulent Trademark have been the subject of substantial and continuous marketing and promotion. Plaintiff has marketed and promoted, and continues to market and promote, the Succulent Trademark in the industry and to consumers through Plaintiff's website and its official Amazon store.

23.     Plaintiff has expended substantial time, money, and other resources advertising, promoting, and marketing Plaintiff's Products. Plaintiff's Products have also been the subject of extensive unsolicited publicity due to the longstanding success of Plaintiff's brand. As a result, products bearing the Succulent Trademark are widely recognized and exclusively associated by consumers as being high-quality products sourced from Plaintiff. The Succulent Trademark has achieved tremendous fame and recognition, adding to the inherent distinctiveness of the marks. As such, the goodwill associated with the Succulent Trademark is of immeasurable value to Plaintiff.

24.     Plaintiff's Products are sold only by Plaintiff and are recognized by the public as being exclusively associated with the Plaintiff's Brand.

25.     Plaintiff also holds the federal copyright registration (Registration No. VA 2-167-392) for works associated with its decorative pillows ("Copyrighted Work"). Plaintiff's

Copyrighted Work is registered with the United States Copyright Office. True and correct copy of the record from the U.S. Copyright Office website for Plaintiff's Copyrighted Work is attached here as Exhibit 3.

26.    On information and belief, Defendant operates an Amazon store as Hearthfire Hygge, at 4075 Linglestown Road, PMB 162, Harrisburg, PA 17112. Defendant also operates a website www.hearthfirehygge.com. On information and belief, Hearthfire Hygge is owned by an individual Isabel Frances Sanders Vitale. The precise legal identity and ownership structure of Hearthfire Hygge are not presently known. Plaintiff will amend this Complaint to identify the proper legal entity and any responsible individuals once that information is confirmed.

### III.    DEFENDANT'S UNLAWFUL CONDUCT

27.    Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois.

28.    Defendant's unauthorized use of the Succulent Trademark in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

29.    Defendant's unauthorized use of the Succulent Trademark has and continues to irreparably harm Plaintiff through diminished goodwill and brand confidence, damage Plaintiff's reputation, loss of exclusivity, and loss of future sales.

30.    Defendant has, for an extended period of time, used the Succulent Trademark in

commerce without authorization to promote, sell, and distribute goods to U.S. consumers, thereby trading on the goodwill associated with Plaintiff's brand.

31.     Defendant was previously sued for trademark infringement based on its unauthorized use of the Succulent Trademark. That action was dismissed without prejudice, placing Defendant on actual notice of Plaintiff's trademark rights and the infringing nature of Defendant's conduct.

32.     Shortly after dismissal of the prior action, Defendant continued its unauthorized use of the Succulent Trademark, further entrenching consumer association between the Succulent Trademark and Defendant's infringing goods.

33.     In November 2025, after receiving a cease-and-desist letter from Plaintiff's counsel, Defendant appeared to remove the Succulent Trademark from its online advertising and product listings.

34.     Despite this superficial change, Plaintiff conducted test purchases and confirmed that Defendant continues to affix and use the Succulent Trademark on the packaging of the products delivered to U.S. consumers.

35.     Defendant's placement of the Succulent Trademark on product packaging constitutes trademark use in commerce under the Lanham Act, and causes confusion, mistake, and deception as to the source, sponsorship, or affiliation of Defendant's goods, including post-sale and downstream consumer confusion.

36.     Defendant's deliberate concealment of its trademark use at the advertising stage while continuing to use the Succulent Trademark on physical packaging evidences an intent to evade enforcement while continuing to trade on Plaintiff's goodwill.

37.     Despite removing certain visible references to the Succulent Trademark from

portions of its Amazon product title and description following the prior lawsuit and cease-and-desist correspondence, Defendant continues to use the Succulent Trademark within the Amazon listing address (URL) and associated backend search fields for its product listing located at: https://www.amazon.com/Hearthfire-Hygge-Succulent-Pillows-Aesthetic/dp/B0CGF9MM9F. See Exhibit 4.

38.     The inclusion of the term "Succulent" within the listing URL and associated source code and search-indexed fields causes Defendant's product to appear in Amazon search results when consumers search for "Succulent" branded pillows and related goods.

39.     Defendant's continued use of the Succulent Trademark in the listing address, metadata, and search-indexed fields constitutes additional use in commerce under the Lanham Act because it is designed to influence search engine results and to divert consumers searching specifically for Plaintiff's SUCCULENT-branded products.

40.     Upon information and belief, Defendant's use of the Succulent Trademark in its listing URL and backend search fields is deliberate and calculated to capture traffic from consumers seeking Plaintiff's products, thereby creating initial interest confusion even if the mark is not prominently displayed in all visible portions of the listing.

41.     Defendant's conduct demonstrates an intent to evade enforcement by removing visible uses of the Succulent Trademark while continuing to exploit the mark in hidden or less conspicuous fields that materially affect product discoverability and consumer search results.

42.     Defendant's continued hidden and search-triggering use of the Succulent Trademark, after actual notice of Plaintiff's rights and prior litigation, constitutes willful infringement and an intentional attempt to trade on Plaintiff's goodwill.

43.     Defendant's manipulation of search-indexed fields and listing URLs to cause its

products to appear in response to searches for "SUCCULENT" constitutes a false designation of origin and misleading representation of fact likely to cause initial interest confusion among consumers seeking Plaintiff's goods.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

44.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

45.     This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the Succulent Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Succulent Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiff's Products offered, sold, or marketed under the Succulent Trademark.

46.     Defendant has sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Succulent Trademark without Plaintiff's permission.

47.     Plaintiff is the owner of the Succulent Trademark. Plaintiff's United States registrations for the Succulent Trademark is in full force and effect. Defendant has knowledge of Plaintiff's rights in the Succulent Trademark and are willfully infringing and intentionally using infringing and counterfeit versions of the Succulent Trademark. Defendants' willful, intentional, and unauthorized use of the Succulent Trademark is likely to cause, and is causing, confusion, mistake, and deception as to the origin and quality of the Unauthorized Products among the general public.

48.     Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

9

49.     Defendant had actual knowledge of Plaintiff's trademark rights based on the prior infringement lawsuit, dismissal without prejudice, and the November 2025 cease-and-desist letter.

50.     Notwithstanding that knowledge, Defendant intentionally continued its infringing conduct by using the Mark on product packaging shipped to U.S. consumers.

51.     Defendant's conduct demonstrates bad faith, including an intent to confuse consumers, to appropriate Plaintiff's goodwill, and to avoid detection by removing the Mark from online listings while continuing its physical use in commerce.

52.     As a direct and proximate result of Defendant's willful infringement, Plaintiff has suffered and will continue to suffer irreparable harm, including loss of control over its trademark, damage to goodwill and reputation, and consumer confusion.

53.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the Succulent Trademark.

54.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use of advertisement, promotion, offering to sell, and sale of Unauthorized Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

55.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

56.     Defendant's promotion, marketing, offering for sale, and sale of Unauthorized Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Unauthorized Products by Plaintiff.

57. By using the Succulent Trademark in connection with the offering for sale and/or sale of Unauthorized Products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Products.

58. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

59. Plaintiff has no remedy at law and will continue to suffer irreparable harm to its reputation and the associated goodwill of the Plaintiff's Brand if Defendant's actions are not enjoined.

## COUNT III
## COPYRIGHT INFRINGEMENT

60. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

61. Plaintiff's Copyrighted Work constitutes original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*.

62. Plaintiff is the owner of Plaintiff's Copyrighted Work. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for Plaintiff's Copyrighted Work. Plaintiff's Copyrighted Work is protected by copyright registration numbers which were duly issued by the United States Copyright Office. At all relevant times, Plaintiff has been, and still is, the owner of all rights, title, and interest in Plaintiff's Copyrighted Work, which has never been assigned, licensed, or otherwise transferred to Defendants. Plaintiff's Copyrighted Work constitutes original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*.

63. Plaintiff's Copyrighted Work, registered as "Succulent Flower Plush Cushion," Registration No. VA 2-167-392 (Exhibit 1), consists of an original three-dimensional sculptural

plush cushion embodying a distinctive layered succulent flower configuration, including a central rosette surrounded by multiple tiers of padded, rounded petals arranged in a concentric radial pattern.

64.     Defendant's "Cactus Flower Pillow" copies the original sculptural expression embodied in Plaintiff's Copyrighted Work, including the layered radial arrangement, the clustered central rosette structure, the dimensional padded leaf forms, and the overall sculptural proportions and depth.

65.     The accused work is substantially similar to Plaintiff's Copyrighted Work in protectable expression. The similarities are not limited to general ideas of a plant-shaped pillow but extend to the specific sculptural arrangement, layering, contouring, and dimensional configuration of the petals and central structure.

66.     An ordinary observer would conclude that Defendant appropriated the total concept and feel of Plaintiff's registered sculptural work.

67.     Upon information and belief, Defendant had access to Plaintiff's Copyrighted Work, which has been publicly displayed online, sold extensively through Amazon and Plaintiff's website, and featured in national publications.

68.     Without authorization from Plaintiff, or any right under the law, Defendant has deliberately copied, displayed, distributed, reproduced, and/or made derivative works incorporating Plaintiff's Copyrighted Work on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized Products. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of Plaintiff's Copyrighted Work. Such conduct infringes and continues to infringe Plaintiff's Copyrighted Work in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

69.     Defendant's copying is willful. Defendant had actual knowledge of Plaintiff's intellectual property rights through prior litigation and continued to market and sell a substantially similar sculptural work thereafter.

70.     Defendant's work is not independently created but instead reproduces the protected sculptural authorship embodied in Plaintiff's Copyrighted Work.

71.     Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Plaintiff's Copyrighted Work.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)     That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Succulent Trademark, Plaintiff's Copyrighted Work or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a Plaintiff's Product or is not authorized by Plaintiff to be sold in connection with the Succulent Trademark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a Plaintiff's Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Succulent Trademark or Plaintiff's Copyrighted Work;

   c. committing any acts calculated to cause consumers to believe that Defendants'

Unauthorized Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d.  further infringing the Succulent Trademark, Plaintiff's Copyrighted Work and damaging Plaintiff's goodwill.

2)  Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms such as Amazon, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Succulent Trademark and Plaintiff's Copyrighted Work;

3)  That Judgment be entered against Defendant finding that they have counterfeited upon the Succulent Trademark in violation of 15 U.S.C. § 1114;

4)  That Judgement be entered against Defendant finding that it has infringed upon Plaintiff's Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(a)-(3), (5);

5)  As a direct and proximate result of Defendant's infringement of Plaintiff's Copyrighted Works, Plaintiff is entitled to damages as well as Defendant's profits, pursuant to 17 U.S.C. § 504(b).

6)  Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c).

7)  That Judgment be entered against Defendants finding that they have committed acts of false designation of origin in violation of 15 U.S.C. § 1125(a);

8)  That Defendants account for and pay to Plaintiff all profits realized by Defendants by

reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Succulent Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

9)      In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Succulent Trademark;

10)     That Plaintiff be awarded its reasonable attorneys' fees and costs; and

11)     Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 24, 2026

Respectfully submitted,

/s/ Nicholas S. Lee
Nicholas S. Lee
332 S. Michigan Ave
Suite 900
Chicago, IL 60604
Nickles72@gmail.com
nslee@nslegal-ip.com
(224) 360-3293


*Counsel for Plaintiff, Merrigo Life, LLC*